UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY W. BOCK, Trustee,
CAL-MED WELLNESS CENTERS,
INC., AARON D. WILLIAMS, and
PAUL LUNDBERG,

                                      NO. CIV. S-11-2903 LKK/EFB

    Plaintiffs,

  v.

                                      O R D E R

DEVIN SMITH, ROLAND SMITH,
BRUCE SPECKERT, LEO SPECKERT,
GREG WILSON, GLOBAL DEFENSE
GROUP, and DOES 1 to 50,

    Defendants.
_____/

This case arises out of a dispute over the possession of realty in Nevada County. Plaintiffs assert that Defendants wrongfully caused the Nevada County Sheriff to enter said realty, evict Plaintiffs, and seize and destroy Plaintiffs' property, which included 500 marijuana plants allegedly grown in accordance with California state laws and valued in excess of $4,080,960.00.

Presently before the court is Plaintiffs' motion to remand this action to the Nevada County Superior Court and Plaintiffs'

1

request that the court require the removing Defendants to pay Plaintiffs' costs and expenses, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

### A. Initial Pleading

On September 23, 2011, Plaintiffs Cal-Med Wellness Centers, Inc., Aaron D. Williams, Paul Y. Lundberg, and Gregory W. Bock, a trustee of the Bock Family Trust, filed an action in Nevada County Superior Court against Defendants Devin Smith, Roland Smith, Bruce Speckert, Leo Speckert, Greg Wilson, Global Defense Group, and unnamed defendants, based on theories of trespass, conversion, and interference with contract. See Defs' Notice of Removal, ECF No. 2, at Ex. A (Pls' Compl.).

Specifically, Plaintiffs make the following allegations, inter alia: (1) in July and August of 2011, California Capital Loans, Inc., a wholly-owned corporation of Defendant Leo Speckert, obtained a judgment in Nevada County Superior Court affirming title to the "Bock Family Ranch"--property which had previously been purchased and possessed by the Bock Family Trust; (2) that judgment of the Nevada County Superior Court is not yet final and "did not and does not impair or diminish the absolute right of the Bock Family Trust to possession of said realty at all times through the present"; (3) in 2009, Plaintiff Cal-Med Wellness Centers, Inc., which operates a collective that grows and distributes medical marijuana in accordance with California law, entered into an ongoing lease agreement with

2

Plaintiff Gregory W. Bock, on behalf of the Bock Family Trust, to use the Bock Family Ranch to grow cannabis indica to supply medical marijuana to its members; (4) as of September 13, 2011, Plaintiffs Aaron D. Williams, Paul Y. Lundberg, Gregory W. Bock, and Cal-Med had "invested $150,000 plus their labor to plant and cultivate 500 cannabis indica plants which were being lawfully grown in accordance with California law"; (5) the total value of the crop was in excess of $4,080,960.00, of which Plaintiffs Aaron D. Williams, Paul Y. Lundberg, and Gregory W. Bock, as growers, would have received $2,040,480.00 and Plaintiff Cal-Med, as distributor, would have received $2,040,480.00. Id. at 5-7.

In support of Plaintiffs' claim for trespass, Plaintiffs Bock, Williams, and Lundberg further allege that Defendants intentionally, oppressively, and maliciously "came onto said realty at various times and variously armed demanding that Plaintiffs vacate the premises because they were trespassing when in fact said Defendants were trespassing," which "caused damages to Plaintiffs in amounts according to proof to be trebled under C.C.P. § 735." Id. at 4.

In support of Plaintiffs' claim for conversion, Plaintiffs Bock, Williams and Lundberg additionally allege that:

> Defendant Leo Speckert through Defendants Bruce Speckert, Devin Smith, and Global Defense Group caused the Nevada County Sheriff to enter said realty and destroy all 500 of said plants by falsely claiming to the Sheriff that Plaintiffs were trespassing and not entitled to possession of

3

        said realty which said Defendants did knowing their statements to the Sheriff were false and with the intent to deprive Plaintiffs of not only said plants but other property also seized by the Sheriff and to forcibly and wrongfully evict Plaintiffs other than in accordance with lawful process.

Id. at 8. Plaintiffs also allege that Defendants took certain enumerated items of personal property, which "constituted theft within the meaning of Penal Code §§ 484 and 496." Id. As part of their conversion claim, Plaintiffs Bock, Williams and Lundberg claimed $2,040,480.00 in damages "subject to trebling under C.C.P. § 733 and Civil Code § 3346(a)", "amounts according to proof" as to their "deprivation of other said property seized by the Sheriff," and $43,433.00 for the cost of their enumerated lost items, subject to trebling. Id.

    In support of Plaintiff Cal-Med's claim for interference with contract, Plaintiff Cal-Med alleges that it "was the intended beneficiary of the contract between Plaintiffs Gregory Bock and the Bock Family Trust with Plaintiffs Aaron D. Williams and Paul Y. Lundberg in that [Plaintiff Cal-Med] was to receive the product so converted and destroyed." Id. at 9. Plaintiff Cal-Med further alleges that "Defendants knew of the relationship between the Plaintiffs as alleged and intended to interfere and disrupt said contractual relationships between the Plaintiffs by their conduct." Id. Plaintiff Cal-Med claims damages of $2,040,480.00. Id.

    Plaintiffs also seek punitive damages against Defendants Leo Speckert and Devin Smith. Id. at 10.

4

**B. Notice of Removal and Motion to Remand**

Defendants Bruce Speckert and Leo Speckert filed a notice of removal of the action, based on federal question jurisdiction, on November 2, 2011.  Notice, ECF No. 2.

On December 1, 2011, Defendants Devin Smith, Roland Smith, Greg Wilson, and Global Defense Group joined in the notice of removal previously filed.  Joinder, ECF No. 9.

Plaintiffs' filed their motion to remand on December 5, 2011.  Pls' Mot., ECF No. 11.

On December 20, 2011, Plaintiffs filed a supplemental declaration, asserting that the notice of joinder, as filed by Defendants Roland Smith and Global Defense Group, was untimely.  Pls' Decl., ECF No. 15.

## II. STANDARD FOR MOTION TO REMAND

Absent diversity jurisdiction, a defendant may only remove a complaint filed in state court when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); see Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933-34 (9th Cir. 1994) (quoting Caterpillar).  When a case is removed to federal court there is a strong presumption against federal jurisdiction, and the removing defendant always has the burden of proving that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

////

1  Upon removal, the district court must determine whether it
2  has subject matter jurisdiction and, if not, it must remand.
3  <u>Lyons v. Alaska Teamsters Employer Serv. Corp.</u>, 188 F.3d 1170,
4  1171 (9th Cir. 1999).  A defendant may remove any state court
5  action to federal district court if the latter court has
6  original jurisdiction under a claim or right "arising under the
7  Constitution, treaties or laws of the United States."  28 U.S.C.
8  § 1441; <u>see also</u> 28 U.S.C. § 1331.
9  Whether a cause of action arises under the Constitution,
10 treaties or laws of the United States must be determined solely
11 from what is contained in the plaintiff's well-pleaded
12 complaint. <u>Taylor v. Anderson</u>, 234 U.S. 74, 75-76, 34 S.Ct. 724,
13 58 L.Ed. 1218 (1914). Federal jurisdiction is not proper when
14 the federal question only arises through the defendant's defense
15 or the plaintiff's necessary response thereto. <u>Id.</u>; <u>Christianson
16 v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 809, 108 S.Ct.
17 2166, 100 L.Ed.2d 811 (1988).

### III. ANALYSIS

**A. Timeliness of Plaintiffs' Motion to Remand**

As a preliminary matter, Defendants argue that Plaintiffs' motion to remand is untimely, because it has not been brought within 30 days of removal as required by 28 U.S.C. § 1447(c). <u>See</u> Defs' Opp'n, ECF No. 16, at 2.  Section 1447(c) provides:

> A motion to remand the case on the basis of any defect *other than* lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section

6

1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).

Because Plaintiffs' argument is based on an assertion that this court lacks subject matter jurisdiction, Plaintiffs' motion is not subject to the 30 day limit required by 28 U.S.C. § 1447(c). Thus, the motion to remand is not untimely. See also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (defects in subject matter jurisdiction are not waivable); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194, n.2 (9th Cir. 1988) (jurisdictional challenges may be raised at any time).

**B. Whether Removal was Proper**

Defendants assert that the district court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1331. There are two ways in which a federal court may obtain jurisdiction under § 1331. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). First, jurisdiction under § 1331 extends to cases where federal law creates a cause of action within the constraints of the well-pleaded complaint. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Here, Plaintiffs' complaint is based on three state law causes of action: trespass,

7

1  conversion, and interference with contract.  Because these
2  causes of action are not based on federal law, the first method
3  of establishing § 1331 jurisdiction under the <u>Christianson</u> test
4  is not met.
5       Under the second prong of the <u>Christianson</u> test,
6  jurisdiction is proper where the district court has examined all
7  of the theories under which a plaintiff may recover on a certain
8  claim and determines that the resolution of a substantial
9  question of federal law is *necessary* for recovery on that claim.
10 See <u>Christianson</u>, 486 U.S. at 809, 108 S.Ct. 2166; <u>Franchise Tax</u>
11 <u>Bd.</u>, 463 U.S. at 28, 103 S.Ct. 2841.  Whether a complaint
12 involves a "substantial question of federal law" is a case-
13 specific inquiry into whether "it appears that some substantial,
14 disputed question of federal law is a necessary element of one
15 of the well-pleaded state claims, or that one or the other claim
16 is 'really' one of federal law."  <u>Franchise Tax Bd.</u>, 463 U.S. at
17 13, 103 S.Ct. 2841. That is, a substantial federal question
18 exists where "a substantial, disputed question of federal law is
19 a *necessary* element of the well-pleaded state claim" or where
20 the plaintiff's right to relief depends on the resolution of a
21 substantial, disputed question of federal law.  <u>Lippitt v.</u>
22 <u>Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1042 (9th Cir. 2003)
23 (emphasis in original).
24      Here, Defendants have not shown that there is a substantial
25 federal question intrinsic to any of Plaintiffs' three claims.
26 Plaintiffs' first two causes of action, trespass and conversion,

8

are most clearly resolved by the state court's determination of each of the parties' lawful right to possession of the Bock Family Ranch and the effects thereon. Thus, there is "no substantial, disputed question of federal law" that is a necessary element of either of these claims.

As to Plaintiffs' third cause of action, interference with contract, Defendants argue that the contract at issue is void due to its subject matter.

Under California law, Plaintiffs need only plead the following elements to establish a prima facie case for intentional interference with contract: "(1) a valid contract between plaintiff and a third party; (2) defendants' knowledge of the contract; (3) defendants' intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist., 106 Cal.App.4th 1219, 1239, 132 Cal.Rptr.2d 57 (Ct.App. 2003); see also Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1, 791 P.2d 587 (1990). Plaintiffs have pled each of these elements. See Notice of Removal, ECF No. 2, at Ex. A (Pls' Compl.), 9.

A state court could reasonably find that a valid contract between Plaintiffs existed under California law. Whether or not the Plaintiffs' contract is void in relation to the federal Controlled Substances Act, 21 U.S.C. § 801, et. seq., is a

possible *defense* to Plaintiffs' claim of tortious interference with contract, but it is not a necessary element of Plaintiffs' prima facie case. That a defense may implicate federal law does not suffice to confer jurisdiction to the court. <u>Metcalf v. City of Watertown</u>, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888).

Put another way, because a state court could find that Defendants acted unlawfully without basing this conclusion on an interpretation of the Controlled Substances Act, Plaintiffs' suit does not necessarily require the district court to construe or enforce the Controlled Substances Act. Thus, the second method of establishing § 1331 jurisdiction under the <u>Christianson</u> test is not met.

That a defendant will invoke a defense of federal law or file a counterclaim based on federal law does not create federal jurisdiction, unless the federal statute in question completely preempts the state claim. <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In the instant case, Defendants argue that the federal Controlled Substances Act completely preempts Plaintiffs' state claims. However, Defendant incorrectly implies that Plaintiffs' state claims are based on "the State law which purportedly allows marijuana growing, possession and distribution under certain circumstances." Defs' Opp'n, ECF No. 16, at 4. Plaintiffs' state claims, in fact, are based on

10

theories of trespass, conversion, and interference with contract.  There is no indication that the Controlled Substances Act completely preempts state claims of trespass, conversion, and interference with contract.[1]

Thus, removal to the district court was improper. The court lacks federal question jurisdiction over this case and the matter must be remanded.

Because the court lacks jurisdiction to hear this case, Plaintiffs' arguments opposing the joinder of Defendants Devin Smith, Roland Smith, Greg Wilson, and Global Defense Group in the notice of removal are moot.

**B. Whether Plaintiffs are Entitled to Fees and Costs**

Plaintiffs have requested costs and expenses in the amount of $4,800--$1,200 of which were requested for the projected "3 hours" Plaintiff's attorney would spend "attending the hearing on said motion, inclusive of a roundtrip between Redwood City and the Federal District Court in Sacramento."  Decl., ECF No. 12, at 2.  Because Plaintiff's attorney eventually did not attend the hearing on the motion at hand, Plaintiff's request for costs and expenses is reasonably reduced to $3,600.

---

[1] In fact, the Controlled Substances Act expressly states: "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together." 21 U.S.C. § 903.

11

1 When remanding a case to state court, district courts may
2 "require payment of just costs and any actual expenses,
3 including attorney fees, incurred as a result of the removal."
4 28 U.S.C. § 1447(c). The Supreme Court has held that attorneys'
5 fees should not be awarded automatically on remand, nor is there
6 a strong presumption that fees should be awarded. <u>Martin v.</u>
7 <u>Franklin Capital Corp.</u>, 546 U.S. 132, 136-37, 126 S.Ct. 704, 163
8 L.Ed.2d 547 (2005). Rather, the Court held that fees and costs
9 should only be awarded where "such an award is just." <u>Id.</u> at
10 138. Accordingly, the Court concluded that "the standard for
11 awarding fees should turn on the reasonableness of the removal."
12 <u>Id.</u> at 141. Specifically, "absent unusual circumstances, courts
13 may award attorney's fees under § 1447(c) only where the
14 removing party lacked an objectively reasonable basis for
15 seeking removal." <u>Id.</u> The Ninth Circuit has clarified that a
16 showing of bad faith on the part of the removing party is not
17 required to award attorneys' fees under § 1447(c), and that
18 "Congress has unambiguously left the award of fees to the
19 discretion of the district court." <u>Gotro v. R&B Realty Group</u>, 69
20 F.3d 1485, 1487 (9th Cir. 1995); <u>Moore v. Permanente Medical</u>
21 <u>Group, Inc.</u>, 981 F.2d 443, 446-47 (9th Cir. 1992).

22 Here, the Defendants did not have an objectively reasonable
23 basis for seeking a federal forum in this case.  Plaintiffs'
24 causes of action are based on theories of trespass, conversion,
25 and interference with contract--all claims firmly rooted in
26 state law principles.  Furthermore, the heart of the civil

dispute is based on the rightful possession and control of real property and its effects; resolution of the property dispute falls firmly within the purview of state law.  The fact that marijuana was somehow involved in this dispute does not, by itself, make the dispute a matter of federal concern.  Thus, Defendants are required to pay Plaintiffs' costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).

The court further determines that, based on an assessment of the relative complexity of the questions presented in this motion and the time and labor therefore required, Plaintiffs should be awarded $2,500 for the costs incurred as a result of removal in this case.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is GRANTED.  Defendants SHALL pay Plaintiffs' costs and actual expenses, pursuant to 28 U.S.C. § 1447(c), in the amount of $2,500.  The matter is remanded to the Nevada County Superior Court.  The clerk is directed to close the case.

IT IS SO ORDERED.

DATED: January 19, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT