1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY W. BOCK, Trustee,
     CAL-MED WELLNESS CENTERS,
11   INC., AARON D. WILLIAMS, and
     PAUL LUNDBERG,
12                                    NO. CIV. S-11-2903 LKK/EFB
             Plaintiffs,
13
          v.
14                                        O R D E R
     DEVIN SMITH, ROLAND SMITH,
15   BRUCE SPECKERT, LEO SPECKERT,
     GREG WILSON, GLOBAL DEFENSE
16   GROUP, and DOES 1 to 50,

17           Defendants.
     _____/
18

19       This case arises out of a dispute over the possession of

20   realty in Nevada County. Plaintiffs assert that Defendants

21   wrongfully caused the Nevada County Sheriff to enter said realty,

22   evict Plaintiffs, and seize and destroy Plaintiffs' property, which

23   included 500 marijuana plants allegedly grown in accordance with

24   California state laws and valued in excess of $4,080,960.00.

25       Presently before the court is Plaintiffs' motion to remand

26   this action to the Nevada County Superior Court and Plaintiffs'

                                   1

1  request that the court require the removing Defendants to pay

2  Plaintiffs' costs and expenses, including attorney fees, incurred

3  as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

4                          **I. BACKGROUND**

5  **A. Initial Pleading**

6       On September 23, 2011, Plaintiffs Cal-Med Wellness Centers,

7  Inc., Aaron D. Williams, Paul Y. Lundberg, and Gregory W. Bock,

8  a trustee of the Bock Family Trust, filed an action in Nevada

9  County Superior Court against Defendants Devin Smith, Roland

10 Smith, Bruce Speckert, Leo Speckert, Greg Wilson, Global Defense

11 Group, and unnamed defendants, based on theories of trespass,

12 conversion, and interference with contract. See Defs' Notice of

13 Removal, ECF No. 2, at Ex. A (Pls' Compl.).

14      Specifically, Plaintiffs make the following allegations,

15 inter alia: (1) in July and August of 2011, California Capital

16 Loans, Inc., a wholly-owned corporation of Defendant Leo

17 Speckert, obtained a judgment in Nevada County Superior Court

18 affirming title to the "Bock Family Ranch"--property which had

19 previously been purchased and possessed by the Bock Family

20 Trust; (2) that judgment of the Nevada County Superior Court is

21 not yet final and "did not and does not impair or diminish the

22 absolute right of the Bock Family Trust to possession of said

23 realty at all times through the present"; (3) in 2009, Plaintiff

24 Cal-Med Wellness Centers, Inc., which operates a collective that

25 grows and distributes medical marijuana in accordance with

26 California law, entered into an ongoing lease agreement with

1  Plaintiff Gregory W. Bock, on behalf of the Bock Family Trust,
2  to use the Bock Family Ranch to grow cannabis indica to supply
3  medical marijuana to its members; (4) as of September 13, 2011,
4  Plaintiffs Aaron D. Williams, Paul Y. Lundberg, Gregory W. Bock,
5  and Cal-Med had "invested $150,000 plus their labor to plant and
6  cultivate 500 cannabis indica plants which were being lawfully
7  grown in accordance with California law"; (5) the total value of
8  the crop was in excess of $4,080,960.00, of which Plaintiffs
9  Aaron D. Williams, Paul Y. Lundberg, and Gregory W. Bock, as
10 growers, would have received $2,040,480.00 and Plaintiff Cal-
11 Med, as distributor, would have received $2,040,480.00. Id. at
12 5-7.

13      In support of Plaintiffs' claim for trespass, Plaintiffs
14 Bock, Williams, and Lundberg further allege that Defendants
15 intentionally, oppressively, and maliciously "came onto said
16 realty at various times and variously armed demanding that
17 Plaintiffs vacate the premises because they were trespassing
18 when in fact said Defendants were trespassing," which "caused
19 damages to Plaintiffs in amounts according to proof to be
20 trebled under C.C.P. § 735." Id. at 4.

21      In support of Plaintiffs' claim for conversion, Plaintiffs
22 Bock, Williams and Lundberg additionally allege that:

23          Defendant Leo Speckert through Defendants Bruce
            Speckert, Devin Smith, and Global Defense Group
24          caused the Nevada County Sheriff to enter said
            realty and destroy all 500 of said plants by
25          falsely claiming to the Sheriff that Plaintiffs
            were trespassing and not entitled to possession of
26

1    said realty which said Defendants did knowing their
     statements to the Sheriff were false and with the
2    intent to deprive Plaintiffs of not only said
     plants but other property also seized by the
3    Sheriff and to forcibly and wrongfully evict
     Plaintiffs other than in accordance with lawful
4    process.

5  <u>Id.</u> at 8. Plaintiffs also allege that Defendants took certain

6  enumerated items of personal property, which "constituted theft

7  within the meaning of Penal Code §§ 484 and 496." <u>Id.</u> As part of

8  their conversion claim, Plaintiffs Bock, Williams and Lundberg

9  claimed $2,040,480.00 in damages "subject to trebling under

10 C.C.P. § 733 and Civil Code § 3346(a)", "amounts according to

11 proof" as to their "deprivation of other said property seized by

12 the Sheriff," and $43,433.00 for the cost of their enumerated

13 lost items, subject to trebling. <u>Id.</u>

14     In support of Plaintiff Cal-Med's claim for interference

15 with contract, Plaintiff Cal-Med alleges that it "was the

16 intended beneficiary of the contract between Plaintiffs Gregory

17 Bock and the Bock Family Trust with Plaintiffs Aaron D. Williams

18 and Paul Y. Lundberg in that [Plaintiff Cal-Med] was to receive

19 the product so converted and destroyed." <u>Id.</u> at 9. Plaintiff

20 Cal-Med further alleges that "Defendants knew of the

21 relationship between the Plaintiffs as alleged and intended to

22 interfere and disrupt said contractual relationships between the

23 Plaintiffs by their conduct." <u>Id.</u> Plaintiff Cal-Med claims

24 damages of $2,040,480.00. <u>Id.</u>

25     Plaintiffs also seek punitive damages against Defendants

26 Leo Speckert and Devin Smith. <u>Id.</u> at 10.

4

**B. Notice of Removal and Motion to Remand**

Defendants Bruce Speckert and Leo Speckert filed a notice of removal of the action, based on federal question jurisdiction, on November 2, 2011.  Notice, ECF No. 2.

On December 1, 2011, Defendants Devin Smith, Roland Smith, Greg Wilson, and Global Defense Group joined in the notice of removal previously filed.  Joinder, ECF No. 9.

Plaintiffs' filed their motion to remand on December 5, 2011.  Pls' Mot., ECF No. 11.

On December 20, 2011, Plaintiffs filed a supplemental declaration, asserting that the notice of joinder, as filed by Defendants Roland Smith and Global Defense Group, was untimely. Pls' Decl., ECF No. 15.

## II. STANDARD FOR MOTION TO REMAND

Absent diversity jurisdiction, a defendant may only remove a complaint filed in state court when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); see Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933-34 (9th Cir. 1994) (quoting Caterpillar).  When a case is removed to federal court there is a strong presumption against federal jurisdiction, and the removing defendant always has the burden of proving that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

////

1    Upon removal, the district court must determine whether it
2  has subject matter jurisdiction and, if not, it must remand.
3  Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170,
4  1171 (9th Cir. 1999).  A defendant may remove any state court
5  action to federal district court if the latter court has
6  original jurisdiction under a claim or right "arising under the
7  Constitution, treaties or laws of the United States."  28 U.S.C.
8  § 1441; see also 28 U.S.C. § 1331.

9    Whether a cause of action arises under the Constitution,
10 treaties or laws of the United States must be determined solely
11 from what is contained in the plaintiff's well-pleaded
12 complaint. Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724,
13 58 L.Ed. 1218 (1914). Federal jurisdiction is not proper when
14 the federal question only arises through the defendant's defense
15 or the plaintiff's necessary response thereto. Id.; Christianson
16 v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct.
17 2166, 100 L.Ed.2d 811 (1988).

18                           **III. ANALYSIS**
19 **A. Timeliness of Plaintiffs' Motion to Remand**

20    As a preliminary matter, Defendants argue that Plaintiffs'
21 motion to remand is untimely, because it has not been brought
22 within 30 days of removal as required by 28 U.S.C. § 1447(c).
23 See Defs' Opp'n, ECF No. 16, at 2.  Section 1447(c) provides:
24
25         A motion to remand the case on the basis of any
           defect *other than* lack of subject matter
           jurisdiction must be made within 30 days after the
26         filing of the notice of removal under section

                                  6

1446(a). If at any time before final judgment it
appears that the district court lacks subject
matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).

Because Plaintiffs' argument is based on an assertion that
this court lacks subject matter jurisdiction, Plaintiffs' motion
is not subject to the 30 day limit required by 28 U.S.C. §
1447(c). Thus, the motion to remand is not untimely. See also
FED. R. CIV. P. 12(h)(3) ("If the court determines at any time
that it lacks subject-matter jurisdiction, the court must
dismiss the action"); Am. Fire & Cas. Co. v. Finn, 341 U.S. 6,
17-18, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (defects in subject
matter jurisdiction are not waivable); Emrich v. Touche Ross &
Co., 846 F.2d 1190, 1194, n.2 (9th Cir. 1988) (jurisdictional
challenges may be raised at any time).

**B. Whether Removal was Proper**

Defendants assert that the district court has original
jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.
There are two ways in which a federal court may obtain
jurisdiction under § 1331. Christianson v. Colt Indus. Operating
Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811
(1988). First, jurisdiction under § 1331 extends to cases
where federal law creates a cause of action within the
constraints of the well-pleaded complaint. Franchise Tax Bd. of
Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9, 103
S.Ct. 2841, 77 L.Ed.2d 420 (1983). Here, Plaintiffs' complaint
is based on three state law causes of action: trespass,

7

1  conversion, and interference with contract.  Because these

2  causes of action are not based on federal law, the first method

3  of establishing § 1331 jurisdiction under the <u>Christianson</u> test

4  is not met.

5      Under the second prong of the <u>Christianson</u> test,

6  jurisdiction is proper where the district court has examined all

7  of the theories under which a plaintiff may recover on a certain

8  claim and determines that the resolution of a substantial

9  question of federal law is *necessary* for recovery on that claim.

10  <u>See Christianson</u>, 486 U.S. at 809, 108 S.Ct. 2166; <u>Franchise Tax</u>

11  <u>Bd.</u>, 463 U.S. at 28, 103 S.Ct. 2841.  Whether a complaint

12  involves a "substantial question of federal law" is a case-

13  specific inquiry into whether "it appears that some substantial,

14  disputed question of federal law is a necessary element of one

15  of the well-pleaded state claims, or that one or the other claim

16  is 'really' one of federal law."  <u>Franchise Tax Bd.</u>, 463 U.S. at

17  13, 103 S.Ct. 2841. That is, a substantial federal question

18  exists where "a substantial, disputed question of federal law is

19  a *necessary* element of the well-pleaded state claim" or where

20  the plaintiff's right to relief depends on the resolution of a

21  substantial, disputed question of federal law.  <u>Lippitt v.</u>

22  <u>Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1042 (9th Cir. 2003)

23  (emphasis in original).

24      Here, Defendants have not shown that there is a substantial

25  federal question intrinsic to any of Plaintiffs' three claims.

26  Plaintiffs' first two causes of action, trespass and conversion,

1  are most clearly resolved by the state court's determination of
2  each of the parties' lawful right to possession of the Bock
3  Family Ranch and the effects thereon.  Thus, there is "no
4  substantial, disputed question of federal law" that is a
5  necessary element of either of these claims.

6      As to Plaintiffs' third cause of action, interference with
7  contract, Defendants argue that the contract at issue is void
8  due to its subject matter.

9      Under California law, Plaintiffs need only plead the
10 following elements to establish a prima facie case for
11 intentional interference with contract: "(1) a valid contract
12 between plaintiff and a third party; (2) defendants' knowledge
13 of the contract; (3) defendants' intentional acts designed to
14 induce a breach or disruption of the contractual relationship;
15 (4) actual breach or disruption of the contractual relationship;
16 and (5) resulting damage." Tuchscher Dev. Enters., Inc. v. San
17 Diego Unified Port Dist., 106 Cal.App.4th 1219, 1239, 132
18 Cal.Rptr.2d 57 (Ct.App. 2003); see also Pacific Gas & Electric
19 Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126, 270 Cal.Rptr.
20 1, 791 P.2d 587 (1990).  Plaintiffs have pled each of these
21 elements.  See Notice of Removal, ECF No. 2, at Ex. A (Pls'
22 Compl.), 9.

23     A state court could reasonably find that a valid contract
24 between Plaintiffs existed under California law.  Whether or not
25 the Plaintiffs' contract is void in relation to the federal
26 Controlled Substances Act, 21 U.S.C. § 801, et. seq., is a

possible *defense* to Plaintiffs' claim of tortious interference with contract, but it is not a necessary element of Plaintiffs' prima facie case.  That a defense may implicate federal law does not suffice to confer jurisdiction to the court.  <u>Metcalf v. City of Watertown</u>, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543 (1888).

Put another way, because a state court could find that Defendants acted unlawfully without basing this conclusion on an interpretation of the Controlled Substances Act, Plaintiffs' suit does not necessarily require the district court to construe or enforce the Controlled Substances Act.  Thus, the second method of establishing § 1331 jurisdiction under the <u>Christianson</u> test is not met.

That a defendant will invoke a defense of federal law or file a counterclaim based on federal law does not create federal jurisdiction, unless the federal statute in question completely preempts the state claim.  <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).  In the instant case, Defendants argue that the federal Controlled Substances Act completely preempts Plaintiffs' state claims.  However, Defendant incorrectly implies that Plaintiffs' state claims are based on "the State law which purportedly allows marijuana growing, possession and distribution under certain circumstances."  Defs' Opp'n, ECF No. 16, at 4. Plaintiffs' state claims, in fact, are based on

theories of trespass, conversion, and interference with contract.  There is no indication that the Controlled Substances Act completely preempts state claims of trespass, conversion, and interference with contract.[1]

Thus, removal to the district court was improper. The court lacks federal question jurisdiction over this case and the matter must be remanded.

Because the court lacks jurisdiction to hear this case, Plaintiffs' arguments opposing the joinder of Defendants Devin Smith, Roland Smith, Greg Wilson, and Global Defense Group in the notice of removal are moot.

**B. Whether Plaintiffs are Entitled to Fees and Costs**

Plaintiffs have requested costs and expenses in the amount of $4,800--$1,200 of which were requested for the projected "3 hours" Plaintiff's attorney would spend "attending the hearing on said motion, inclusive of a roundtrip between Redwood City and the Federal District Court in Sacramento."  Decl., ECF No. 12, at 2.  Because Plaintiff's attorney eventually did not attend the hearing on the motion at hand, Plaintiff's request for costs and expenses is reasonably reduced to $3,600.

---

[1] In fact, the Controlled Substances Act expressly states: "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together." 21 U.S.C. § 903.

1    When remanding a case to state court, district courts may

2    "require payment of just costs and any actual expenses,

3    including attorney fees, incurred as a result of the removal."

4    28 U.S.C. § 1447(c). The Supreme Court has held that attorneys'

5    fees should not be awarded automatically on remand, nor is there

6    a strong presumption that fees should be awarded. Martin v.

7    Franklin Capital Corp., 546 U.S. 132, 136-37, 126 S.Ct. 704, 163

8    L.Ed.2d 547 (2005). Rather, the Court held that fees and costs

9    should only be awarded where "such an award is just." Id. at

10   138. Accordingly, the Court concluded that "the standard for

11   awarding fees should turn on the reasonableness of the removal."

12   Id. at 141. Specifically, "absent unusual circumstances, courts

13   may award attorney's fees under § 1447(c) only where the

14   removing party lacked an objectively reasonable basis for

15   seeking removal." Id. The Ninth Circuit has clarified that a

16   showing of bad faith on the part of the removing party is not

17   required to award attorneys' fees under § 1447(c), and that

18   "Congress has unambiguously left the award of fees to the

19   discretion of the district court." Gotro v. R&B Realty Group, 69

20   F.3d 1485, 1487 (9th Cir. 1995); Moore v. Permanente Medical

21   Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992).

22   Here, the Defendants did not have an objectively reasonable

23   basis for seeking a federal forum in this case. Plaintiffs'

24   causes of action are based on theories of trespass, conversion,

25   and interference with contract--all claims firmly rooted in

26   state law principles. Furthermore, the heart of the civil

12

1  dispute is based on the rightful possession and control of real

2  property and its effects; resolution of the property dispute

3  falls firmly within the purview of state law.  The fact that

4  marijuana was somehow involved in this dispute does not, by

5  itself, make the dispute a matter of federal concern.  Thus,

6  Defendants are required to pay Plaintiffs' costs and expenses,

7  including attorney's fees, pursuant to 28 U.S.C. § 1447(c).

8       The court further determines that, based on an assessment

9  of the relative complexity of the questions presented in this

10 motion and the time and labor therefore required, Plaintiffs

11 should be awarded $2,500 for the costs incurred as a result of

12 removal in this case.

13                        **IV. CONCLUSION**

14      For the reasons stated above, Plaintiffs' motion to remand

15 is GRANTED.  Defendants SHALL pay Plaintiffs' costs and actual

16 expenses, pursuant to 28 U.S.C. § 1447(c), in the amount of

17 $2,500.  The matter is remanded to the Nevada County Superior

18 Court.  The clerk is directed to close the case.

19      IT IS SO ORDERED.

20      DATED:  January 19, 2012.

21

22

23                              LAWRENCE K. KARLTON

24                              SENIOR JUDGE
                               UNITED STATES DISTRICT COURT
25

26